[No. 14681.   Department Two. — September 13, 1892.]

P. McG. McBEAN, Appellant, v. THE CITY OF SAN BERNARDINO, Respondent.

96   183
107   649

96   183
120   612

Municipal Corporations — Liability for Construction of Sewer. — Under the provision of the act of March 18, 1885 (Stats. 1885, p. 147), a city is only liable for work done in the construction of sewers, when it has expressly contracted to pay for such work out of its funds, or when, in order to raise the necessary amount to pay for such construction, the assessment upon any lot would exceed one half of its valuation in the last assessment for municipal taxes, in which case the excess is to be paid by the city.

Id. — Pleading — Insufficient Complaint. — A complaint in an action against a city for a sum of money claimed to be due from it on account of the construction of a sewer, which alleges a promise of the city to pay for the same, but shows that the contract under which the work was done did not bind the city to pay for the work, and expressly provided that the city should not be liable for any portion of the expense incurred in the performance of the contract, except as otherwise provided in the act of March 18, 1885, and does not allege that in order to collect sufficient money to pay for the cost of the work it would have been necessary to assess any lot, properly chargeable with such cost, an amount exceeding one half of its last assessed valuation, does not state a cause of action.

Id. — Conclusion of Law — Demurrer. — An allegation in such complaint that a sum specified is "chargeable to the city and payable out of its municipal treasury," where the other facts alleged do not disclose a lia-

bility upon the part of the city, is to be regarded simply as the state-
ment of a conclusion of law, which is not admitted by a demurrer.

ID. — PROMISE WITHOUT CONSIDERATION. — Where the alleged promise of
the city to pay for the construction of the sewer consisted of a resolu-
tion of the board of trustees of the city, passed after the contract was
fully performed, agreeing to pay the amount claimed to be due from the
city, such promise is without consideration, and does not impose a bind-
ing obligation upon the city.

ID. — POWERS OF MUNICIPAL CORPORATION — NOTICE TO CONTRACTING PAR-
TIES. — Cities are creatures of the law, with powers defined by the law,
and persons dealing with them are chargeable with notice, not only of
the extent of, but also of the mode in which their powers may be exer-
cised.

ID. — MORAL OBLIGATION. — A city is under no moral obligation to pay for
the construction of a sewer that it has not contracted to pay for, and
which not only the law, but the contract following the law, expressly
provided that it should not be responsible for.

APPEAL from a judgment of the Superior Court of San
Bernardino County

The facts are stated in the opinion of the court.

*Ezra Crossman,* and *C. W. C. Rowell,* for Appellant.

*Paris & Fox, John Brown, Jr.,* and *Charles R. Gray,* for
Respondent.

DE HAVEN, J. — This action was brought for the pur-
pose of recovering from the defendant city the sum of
$4,221.19, claimed to be due from it on account of the
construction of a sewer, and its promise to pay for the
same. A demurrer to the complaint was sustained, and
judgment thereupon given for defendant. The question
is thus presented by this appeal, whether, upon the facts
alleged in the complaint, the plaintiff is entitled to the
relief which he demands.

It appears from the complaint that the sewer referred
to was constructed along the center line of First Street,
in the city of San Bernardino, between C and I streets,
and between these terminal points the southern boun-
dary of the city is the center line of First Street, so that
one half of the sewer, as constructed, is outside of the
city. It was constructed by the assignor of plaintiff,
under a contract awarded to him by the board of trus-

tees of defendant, and executed by its superintendent of streets, under the provisions of the "Act to provide for work upon streets, lanes, alleys, courts, places, and sidewalks, and for the construction of sewers within municipalities," approved March 18, 1885. (Stats. 1885, p. 147.) The contract contained the clause which is required to be inserted in such contracts by section 6 of that act, to the effect "that in no case, except where it is otherwise provided in this act, will the city, or any officer thereof, be liable for any portion of the expense, nor for any delinquency of persons or property assessed."

The complaint further alleges that the work called for in the contract was fully performed, and was approved and accepted by the superintendent of streets, "who thereupon, on the twelfth day of April, 1889, assessed and apportioned the total amount of expense of said work necessary to be assessed to cover the sum due for said work, including the incidental expenses thereof, as hereinafter set forth, to wit, the sum of $7,057.32 upon all the lots of land fronting on said north side of First Street, from the center line of C to the center line of I Street, each lot or part of each lot being separately assessed in proportion to its frontage on said First Street."

It is then alleged, in apparent contradiction to this, that said lots upon the north side of Front Street were, by the assessment mentioned, assessed to pay the sum of $2,836.19, and that the balance of the cost of constructing said sewer, to wit, $4,221.19, was "chargeable to said city, to be paid out of the municipal treasury of said city." In the view we take of the case, it is not necesary to determine whether such lots were assessed for the whole or only a part of the contract price for the construction of the sewer.

It further appears from the complaint that the assignor of the plaintiff, on April 23, 1889, demanded from the defendant city payment of the said sum of $4,221.19, "and the said city, by resolution of its board of trustees, duly made and passed, agreed and promised to pay said $4,221.19 out of the municipal treasury, in language as

follows: . . . . The motion of Mr. Kenniston, seconded by Mr. Lesher, for an order that the city pay one half of the costs of constructing the First Street receiving sewer on the south line of the city, and also pay the excess of the cost of building said sewer over the cost of a lateral sewer, is approved by the board, and ordered referred to the finance committee."

1. The facts alleged in the complaint do not show any liability of the defendant upon the original contract for the construction of the sewer.   It was expressly provided in that contract that, except as otherwise provided in the act of March 18, 1885 (Stats. 1885, p. 147), the city should not be liable for any portion of the expense incurred in the performance of the contract.   Under the provisions of that act a city is only liable for work done in the construction of sewers, when it has expressly contracted to pay for such work out of its funds, or when, in order to raise the necessary amount to pay for such construction, the assessment upon any lot properly assessable for that purpose would exceed one half the valuation of such lot "in its last preceding assessment for municipal taxation," in which case such excess shall be paid by the city.   The defendant did not bind itself to pay for any part of this work in the original contract, and it is not alleged that, in order to collect sufficient to pay for the cost of constructing the sewer, it would have been necessary to assess any lot properly chargeable with such cost for an amount exceeding one half its last assessed valuation for municipal purposes.

The complaint, therefore, fails to show that the defendant is liable upon the contract for any part of the cost of constructing the sewer; and the allegation that the sum of $4,221.19 was "chargeable to the city, and payable out of its municipal treasury," in view of the other facts alleged, is to be regarded simply as the statement of a conclusion of law, the truth of which was not admitted by the demurrer.

2. The only remaining question for consideration is as to the effect of the above-quoted resolution of defendant's

board of trustees. It is claimed by appellant that, whatever view may be taken of defendant's liability upon the original contract, as it actually received the benefit of the work done under such contract, this resolution is sufficient to render the city liable to pay therefor, to the extent therein named. The resolution was passed after the contract was fully performed, and it is clear that before its adoption the city was in no wise liable to pay for any part of the work, the contract expressly providing that it would not be called upon to pay for such work except as provided in the statute under which the contract was made, and the complaint not alleging such facts as would make the city responsible under this statute. This being so, the question is directly presented, whether this naked declaration or resolution of the board of trustees had the effect to create a binding obligation where none existed before. We are of the opinion that it did not. The resolution is without any consideration to support it, and if it had been executed, the payment of the money named in it would have been in the nature of a gift, a purely voluntary payment by the city. It cannot be said even that the defendant was under any moral obligation to pay for this work. Cities are creatures of law, and their powers are defined by law, and persons dealing with them are chargeable with notice, not only of the extent of their powers, but also of the mode in which their powers may be exercised. It is very evident that the act of March 18, 1885 (Stats. 1885, p. 147), in expressly naming the cases in which cities shall be liable for the construction of sewers, and in directing that every contract for such work shall expressly provide that the city shall not be liable except as provided in that act, intended to place a limitation upon the power of the city to contract an indebtedness for such purposes to be paid for out of the municipal treasury. The intention of the statute is, that improvements of this character shall be paid for by assessments upon adjacent property, unless the city, at the time of undertaking the work, shall determine to "assess the cost and expense thereof upon the

property to be affected or benefited thereby, in such manner and within such assessment district as it shall prescribe," or shall determine to pay for the same out of its street contingent fund, or by the issuance of bonds. (Act of March 18, 1885, secs. 26, 27, 29; Stats. 1885, p. 147.)

The contract under which the assignor of plaintiff constructed this sewer, referred to in the complaint, contemplated no liability on the part of the city, but that the work should be paid for by an assessment upon adjacent property; and it cannot be said that the city was under any obligation whatever to pay for that which not only the law, but the contract of plaintiff's assignor, following the law, expressly provided that it should not be responsible for.

It follows from these views that the resolution set out in the complaint is without consideration, and insufficient to create any liability against the defendant.

Judgment affirmed.

McFarland, J., and Sharpstein, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.