[Civ. No. 21906.   Second Dist., Div. Three.   Mar. 27, 1957.]

C. G. BYSON, Appellant, v. CITY OF LOS ANGELES, Respondent.

470

Grant & Popovich for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Alfred E. Rogers and John F. Feldmeier, Deputy City Attorneys, for Respondent.

SHINN, P. J.—The present action is against the city of Los Angeles to recover $13,042.51 damages allegedly sustained due to the city's breach of a construction contract awarded plaintiff under authority of the city charter and the Improvement Act of 1911 (Sts. & Hy. Code, §§ 5000 et seq.). The gravamen of the amended complaint is that the city wrongfully compelled plaintiff to perform certain repair work not contemplated by his contract; recovery is sought for $11,-741.23, the cost of said repairs, and for $1,301.28 interest which plaintiff paid for the use of money he was obliged to borrow in order to complete said repairs. Trial was to the court. Before the introduction of any evidence, defendant made motions to exclude evidence, for summary judgment and for judgment on the pleadings; the court granted these motions and ordered a nonsuit. Plaintiff appeals.

The amended complaint contains two causes of action. The material allegations of the first cause of action are the following: Plaintiff, a licensed contractor, entered into a written agreement on March 31, 1952, with the Board of Public Works of the City of Los Angeles whereby he agreed to grade and construct concrete sidewalks, curbs, driveways and a roadway within the 116th Street and Anza Avenue Improvement District in accordance with detailed plans and specifications which were made a part of the agreement; plaintiff performed the work in the presence of city inspectors in accordance with the plans and specifications and all of said work was accepted by them. On August 19, 1953, he notified defendant that the work had been completed in accordance with the plans and specifications and requested a final inspection; defendant thereupon informed him that his work would not be accepted until he made certain repairs; plaintiff at first refused to comply with this demand on the ground that he had fully

performed all the requirements of the contract, but since the contract provided that he could not obtain compensation until the job was accepted as complete, plaintiff made the repairs under protest informing defendant that he reserved the right to seek additional compensation for the repair work he was wrongfully required to do; its cost was $11,741.23, which plaintiff was obliged to borrow; interest on the loan totaled $1,308.28. On December 21, 1953, plaintiff filed a claim for the cost of the repair work with the city clerk pursuant to the provisions of sections 362, 363 and 376 of the city charter; the clerk referred the claim to the city council, which rejected it on April 16, 1954. On May 21, 1954, plaintiff filed a claim for the interest he paid on the loan; this claim was rejected by the city council after the commencement of the present action. On February 19, 1954, all the construction work was accepted by the city.

The second cause of action is a common count for work, labor and materials furnished. The answer denies that plaintiff had completed the work according to the terms of the contract at the time he requested a final inspection; it also denies that the instruments filed with the city clerk constitute claims as required by the city charter.

Defendant's motions to exclude evidence, for summary judgment and for judgment on the pleadings were predicated on the following grounds, viz: The city is exonerated from liability for damages by the terms of the contract; the amended complaint does not allege any breach of contract by the city; plaintiff is a volunteer and is not entitled to recover for the additional work; the original complaint alleged that plaintiff's damages were occasioned by the fault of a subcontractor and he is bound by his former pleading; defendant is not liable in *quantum meruit*; and that if acceptance of plaintiff's work was wrongfully refused, his remedy was an appeal to the city council from such unjustified refusal (Sts. & Hy. Code, §§ 5366-5368).

Inasmuch as defendant's motions were tantamount to a general demurrer, our review is limited to the question whether, under the facts pleaded, the amended complaint states the substance of a cause of action on any theory. (*Bice* v. *Stevens*, 136 Cal.App.2d 368 [289 P.2d 95]; *Miller* v. *Mc-Laglen*, 82 Cal.App.2d 219 [186 P.2d 48] and cases therein collected.)

The first question to be considered is the sufficiency of the complaint to allege a breach of contract on the part of the

city. Defendant argues that the complaint does not state a cause of action for the reason that the contract, in conformity with the requirements of the Improvement Act, exempts it from liability for any portion of the expenses incurred by a contractor in the performance of his contract. In this connection, the city relies on section 5285 of the Streets and Highways Code. That section provides: "The contract shall contain express notice that, in no case, except when it is otherwise provided by law or by charter will the city, or any officer thereof, be liable for any portion of the expense, nor for any delinquency of persons or property assessed.''

The exemption from liability is not a bar to the maintenance of the present action. The statute does not purport to relieve the city from liability for breach of contract; it simply states that the city may not be held accountable for the payment of the original contract price. (See *McBean* v. *San Bernardino*, 96 Cal. 183, 186 [31 P. 49]; *Conlin* v. *Board of Supervisors*, 99 Cal. 17, 23 [33 P. 753, 37 Am.St.Rep. 17, 21 L.R.A. 474].) The complaint does not seek recovery for sums alleged to be due under the contract. On the contrary, it proceeds on the theory that plaintiff is entitled to the damages occasioned by defendant's refusal to accept work which had been completed in accordance with the contract and its demand that he do other work not required by the agreement.

When a contractor has fully complied with the plans and specifications at the time he notifies the city of the completion of his job, it becomes the duty of the street superintendent or the engineer to accept his work, prepare an assessment for the sum specified in the contract, and file the assessment with the city clerk for action thereon by the legislative body. (Sts. & Hy. Code, §§ 5360-5365.) If plaintiff had fully performed his contract on August 19, 1953, the date of his notice to defendant, defendant's refusal of his work and its consequent demand that he do further work was a breach of its duty under the contract. Plaintiff could comply with the demands of the city and sue for breach of contract. (*Borough Const. Co.* v. *City of New York*, 200 N.Y. 149 [93 N.E. 480, 140 Am.St.Rep. 633]; *Anderson* v. *State*, 103 Misc. 388 [175 N.Y. Supp. 229]; *Gearty* v. *Mayor etc. of City of New York*, 171 N.Y. 61 [63 N.E. 804]; *Mannella* v. *Pittsburgh*, 334 Pa. 396 [6 A.2d 70].)

Defendant urges that even if it wrongfully refused to accept the work, plaintiff's performance of the additional

work under protest was a voluntary act for which he is not entitled to compensation. This argument cannot be sustained. Under the plan adopted by the Improvement Act, plaintiff had no choice other than to comply with the city's demand. A contractor must look to the assessment levied against the individual property owners in order to obtain payment for his work. Payment is not forthcoming until the assessment has been prepared and approved by the city council. And the assessment is not prepared until the contractor's work has been finally accepted by the city. (Sts. & Hy. Code, § 5360.) Thus plaintiff could receive no compensation until he had performed the work demanded which he alleges was not required by the plans and specifications. He acceded to the demands under the pressure of economic necessity. Under the facts alleged we have no doubt of the involuntary nature of the work done by plaintiff under protest.

It is also claimed in support of the judgment that the original complaint contained an admission that the improvements had not been completed in accordance with the terms of the contract at the time plaintiff requested a final inspection and that the admission is decisive against his claim for damages. This assertion is not borne out by the record. At no point in the original complaint is there an admission that the work had not been completed in conformity with the contract. Plaintiff's reference to the work done over as repair work was not an admission that any work was defective. The complaint alleged full performance by plaintiff.

The next question to be considered is the contention of the city that plaintiff should have taken his dispute to the city council by means of an appeal. Defendant argues, in this connection, that an appeal was mandatory under the provisions of section 5366 of the Streets and Highways Code and that the filing of claims with the city clerk did not constitute compliance with the statute. Section 5366 reads as follows: ''The owners, the contractor, or his assigns, and all other persons interested in any work done under this division, or in the assessment, feeling aggrieved by any act or determination of the superintendent of streets or engineer in relation thereto, or who claim that the work has not been performed according to the contract in a good and substantial manner or who claim that any portion of the work for any reason was omitted or illegally included in the contract or having or making any objection to the correctness of the assessment or diagram or other act, determination or proceedings

of the superintendent of streets or engineer, shall prior to the day fixed for the hearing upon the assessment appeal to the legislative body by briefly stating in writing the grounds of appeal. Any objection, appeal or protest not made at the time and in the manner hereinabove provided shall be deemed to be waived voluntarily by any person who might have made such appeal, protest or objection, and such person shall be deemed to have consented to the proposed assessment and any other matter on which objection, protest or appeal could be made.'' Plaintiff contends, on the other hand, that a contractor injured by a breach of contract on the part of the city need not appeal to the legislative body as a condition precedent to bringing an action for damages. We agree.

The enactment relied upon by defendant is to be found in chapter 16 of the Improvement Act, which is entitled ''Making and Conforming the Assessment.'' Section 5360 of the Streets and Highways Code, the first section in that chapter, provides that the assessment shall be made ''after the contractor has fulfilled his contract to the satisfaction of the street superintendent, or the engineer if such power has been delegated to him. . . .'' Only after the assessment has been filed with the clerk is a time fixed ''when all persons interested in the work done or in the assessment will be heard by the legislative body.'' (Sts. & Hy. Code, § 5362.) Under section 5366, an appeal may be filed at any time ''prior to the day fixed for the hearing upon the assessment. . . .'' It is a matter of pure chronology that a grievance which is a matter of appeal to the city council cannot come before the council until all the work has been accepted by the city. Plaintiff was aggrieved in that acceptance of his work had been refused. Yet his grievance could not have been remedied by an appeal to the legislative body. Since the assessment procedure is conditioned upon final acceptance of the improvement by the street superintendent or the engineer, and since the work demanded had to be performed before acceptance of the improvements could be secured, plaintiff's dispute was not within the scope of the appellate procedure. The purpose of the hearing is to settle all questions as to the performance of the work in conformity with the contract and to see that the assessment is proper in all respects. The council may ''confirm, amend, alter, modify or correct'' the assessment (Sts. & Hy. Code, § 5367) and it may reallocate the assessment among the individual property owners (see *Johnson* v. *Los Angeles,* 210 Cal. 240 [291 P. 395]) but it could not have

increased the amount of the assessment so as to include plaintiff's claim for damages. The rights to be settled in the hearing are those of the contractor and the property owners arising out of the contract and the council is to adjudicate all conflicting claims. The procedure prescribed by section 5366 is not applicable to disputes between plaintiff and the city which arose during the course of the work or to the claims asserted by plaintiff against the city for breach of contract.

The briefs discuss the question whether the city would be liable for interest but this is beside the question whether the complaint states a cause of action. The second cause of action is not strictly in *quantum meruit*. It incorporates by reference the material allegations of the first cause of action.

It is unnecessary to determine whether the claim filed by plaintiff would have constituted substantial compliance with the appellate procedure, had that procedure been applicable.

The judgment is reversed.

Wood (Parker), and Vallée, J., concurred.

A petition for a rehearing was denied April 19, 1957, and respondent's petition for a hearing by the Supreme Court was denied May 22, 1957.