[Civ. No. 9759.   Third Dist.   Dec. 23, 1959.]

LEE C. HESS COMPANY (a Corporation), Appellant, v. CITY OF SUSANVILLE, Respondent.

Robert W. Anderson for Appellant.

Donald P. Cady, City Attorney, Robert T. Anderson and Sturgis, Den-Dulk, Douglass & Anderson for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of the respondent in an action for breach of contract.

In 1953 the respondent city of Susanville adopted a resolution of intention to do certain public work within its boundary, proceeding under the Improvement Act of 1911, now contained in division 7, part 3, of the Streets and Highways Code. All prescribed action was duly taken, up to and including a call for bids, and Lee C. Hess Company, a corporation, submitted the lowest bid. The City Council of Susanville then passed a resolution declaring Hess Company to be the lowest responsible bidder and awarded to it the contract for doing the work. Four days later (April 24, 1953), acting upon mistaken advice by the assistant director of the Department of Professional and Vocational Standards that the Hess Company was not a properly licensed contractor, the city council held a special meeting attended by all its members, without any notice to Hess Company, and there passed a resolution declaring the Hess Company had not been qualified to bid the work and purporting to award the contract to one Katsaros, a bidder whose bid had been next lowest to that of Hess Company.

On May 14, 1953, pursuant to the provisions of section 5265 of the Streets and Highways Code, the city brought an action to have the award of the contract to Katsaros declared valid. Hess Company in said action filed an answer and cross-complaint praying that the award of the contract to Katsaros be held invalid and further praying that said contract be awarded to it. In that action Hess Company prevailed. (*City of Susanville* v. *Lee C. Hess Co.*, 45 Cal.2d 684 [290 P.2d 520].) The parties thereafter, on April 29, 1956, entered into a formal contract. The work was commenced under the contract during the month of May, 1956, and was completed on June 26, 1956. It was officially approved and accepted by the respondent city in December, 1956.

In 1957 appellant Hess Company brought the present action for damages, seeking to recover the amount of attorney's fees and costs incurred in the validation proceedings and the rise in cost of construction, materials and labor in 1956 when the work was performed over what the costs would have been in 1953.

The trial court found "That Defendant City of Susanville, in instituting action No. 7725 . . . , [that is the action brought to have the award of the contract to Katsaros

---

*Assigned by Chairman of Judicial Council.

declared valid] acted pursuant to the express statutory authority of Sec. 5265 of the Streets and Highways Code of the State of California, and that the subsequent delay between the date of acceptance by Defendant of Plaintiff's bid to do the work herein involved, and the date of formal signing of the written contract between said parties, on or about April 29, 1956, was the result of said action and the litigation which followed in the higher courts.'' Upon these findings the court concluded ''as a matter of law the Defendant CITY OF SUSANVILLE has committed no unlawful act or omission which would result in any liability in this matter, and no cause of action in consequence thereof has arisen in favor of Plaintiff.'' And the court further found that ''When plaintiff chose to execute and perform under the contract on April 29, 1956, he became bound by all of its terms.'' Judgment was entered accordingly in favor of the respondent herein and this appeal followed.

Appellant Hess Company contends that the trial court erred in holding that the respondent is not liable in damages for the delay caused by its rescission of the award of the contract and the expense of the consequential litigation. It relies upon such cases as *Milovich* v. *City of Los Angeles,* 42 Cal. App.2d 364 [108 P.2d 960], a case in which the city was held liable where the work was delayed due to the city's delay in furnishing certain materials necessary to said construction; *McGuire & Hester* v. *City & County of San Francisco,* 113 Cal. App.2d 186 [247 P.2d 934], where the city was held liable because of its failure to obtain rights of way as agreed until sometime after the commencement of the project, thereby causing the contractor to complete the job at a later time under adverse weather conditions; *Maurice L. Bein, Inc.* v. *Housing Authority,* 157 Cal.App.2d 670, 688-689 [321 P.2d 753], where damages were allowed for delay in construction caused by the housing authority for failure to obtain approval within a reasonable time of the plans and specifications to the city of Los Angeles and refusal of the authority to permit commencement of a certain portion of the construction.

██ On the other hand, respondent argues that the delay caused by the time required for the validation proceedings is in no way comparable to such a delay as the failure to furnish materials or rights of way. Appellant answers that since respondent illegally rescinded the award of the contract to it respondent's purported award of the contract to Katsaros was void, hence respondent had no right to bring the action to have the latter void award declared valid. Be this as it may, the

facts are that the validation proceedings did not *per se* cause the alleged damages. It was the attempted rescission of the award of the contract to appellant that constituted the breach for which appellant sought damages. The validation proceedings were merely incidental to the breach. The action was not barred by the statute of limitations. The running of the statute of limitations was suspended during the pendency of the validation proceedings, hence appellant had no cause of action until it was finally judicially determined that respondent had wrongfully breached its contract. (*County of Santa Clara* v. *Hayes Co.*, 43 Cal.2d 615, 618 [275 P.2d 456].)

Respondent city was not exempt from liability in damages because of section 5285 of the Streets and Highways Code. This section provides: "The contract shall contain express notice that, in no case, except where it is otherwise provided by law or by charter will the city, or any officer thereof, be liable for any portion of the expense, nor for any delinquency of persons or property assessed."

The statute, as stated in *Byson* v. *City of Los Angeles*, 149 Cal.App.2d 469 [308 P.2d 765], at page 473, "does not purport to relieve the city from liability for breach of contract; it simply states that the city may not be held accountable for the payment of the original contract price. (See *McBean* v. *San Bernardino*, 96 Cal. 183, 186 [31 P. 49] ; *Conlin* v. *Board of Supervisors*, 99 Cal. 17, 23 [33 P. 753, 37 Am. St.Rep. 17, 21 L.R.A. 474].) The complaint does not seek recovery for sums alleged to be due under the contract. On the contrary, it proceeds on the theory that plaintiff is entitled to the damages. . . ." Likewise, in the instant case appellant does not seek to charge the city with any cost of the improvements in excess of the contract price. The action seeks damages only for breach of contract.

Respondent argues that since appellant failed to object to the terms of the contract or make known its reservation of its alleged right to claim damages its silence in that respect constituted a waiver of any claim for damages. In support of this contention respondent cites *City & County of San Francisco* v. *Transbay Const. Co.*, 134 F.2d 468; and *Byson* v. *City of Los Angeles, supra.* We do not believe that either case supports respondent's contention. True, in the Byson case the contractor made repairs under protest and gave the city notice that he expected additional compensation, but we find nothing in the opinion wherein the court held that such notice was essential to a right to recover damages.

In *City & County of San Francisco* v. *Transbay Const. Co., supra,* the contractor failed to present his claim for damages (first cause of action) to the city until after the time allowed by the charter for presentation. Furthermore, the second and third causes of action were based on quantum meruit for reasonable value of labor and materials and agreed value of labor and materials furnished. The court said at page 472: ". . . Had the claim for damages been timely presented, we suppose that Transbay would have been entitled to judgment in some amount on its first cause of action. But having proceeded with the contract, Transbay was not thereafter at liberty to treat it as nonexistent and recover for the entire job on a cost plus basis. There is no reason whatever for supposing that it was entitled to relief of that kind, since the legitimate losses it sustained were adequately compensable in damages." This language clearly indicates that a contractor who is required to do additional work because of the city's act may sue for damages, and we see no reason for a different rule in a case such as the instant one, where the contractor is required to expend additional money because of the delay brought about by reason of the city's breach of its contract. The acceptance of the bid made the contract, not the formal signing thereof (*City of Susanville* v. *Lee C. Hess Co., supra*; *United States* v. *Purcell Envelope Co.,* 249 U.S. 313 [39 S.Ct. 300, 63 L.Ed. 620]); and as stated in 5 McQuillin, Municipal Corporations (2d ed., revised), section 2081: "After a public improvement contract has been awarded, the city cannot lawfully rescind the same without the consent of the contractor. Such a contract is just as binding upon a municipal corporation as upon an individual." Since the contract had its inception in the award as distinguished from the formal signing of the contract and was binding from that time on, appellant was obligated to proceed with the work and did not waive its right to seek damages by electing to carry out the contract.

Respondent argues that in any event appellant cannot recover attorney's fees and costs incurred in the previous litigation, that is the validation proceedings. We feel that respondent city is correct in this contention. While the early case of *Levitzky* v. *Canning,* 33 Cal. 299, held that in an action based on a breach of covenant for quiet enjoyment contained in a lease plaintiff's counsel fees were properly allowed as part of damages, we, nevertheless, feel that such is not now the law. If it ever was, it has been overruled by later cases.

As stated in *LeFave* v. *Dimond*, 46 Cal.2d 868, 870 [299 P.2d 858] : ''Ordinarily, fees paid to attorneys are not recoverable from the opposing party as costs, damages or otherwise, in the absence of express statutory contractual authority. (Code Civ. Proc., § 1021; *Viner* v. *Untrecht*, 26 Cal.2d 261, 272 [158 P.2d 3].)'' There is no express authority for allowance of attorney's fees in California in an action for validation of a contract brought pursuant to the provisions of section 5265 of the Streets and Highways Code.

As to damages for alleged unavailability of equipment, material or labor, those were questions of fact for the trial court to determine.

We deem it unnecessary to discuss other points presented in the briefs.

The judgment is reversed.

Peek, Acting P. J., and Schottky, J., concurred.

A petition for a rehearing was denied January 20, 1960, and respondent's petition for a hearing by the Supreme Court was denied February 17, 1960.