Filed 4/21/26  Doe v. Doe #1 CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on
opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This
opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DOE #1, a Public Entity, <br><br> Defendant and Respondent. | B339965 <br><br> Los Angeles County <br> Super. Ct. No. <br> 22BBCV00600 |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Kralik, Judge.  Reversed.

Slater Slater Schulman, James W. Lewis, Babak Shirdel; Esner, Chang, Boyer & Murphy, Holly N. Boyer, and Kiran R. Iyer for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, Marlon C. Wadlington, and Scott D. Danforth for Defendant and Respondent.

We agree with three published cases that hold Assembly Bill No. 218 does not violate the gift clause of the California Constitution by retroactively eliminating the Government Claims Act's claims presentation requirement for childhood sexual assault claims against public entities.

A plaintiff using the pseudonym "John Doe" sued Burbank Unified School District (District) for damages arising from alleged sexual abuse by a teacher in the 1970s. Doe relied on Assembly Bill No. 218 (2019–2020 Reg. Sess.; Stats. 2019, ch. 871, § 1) (AB 218), which temporarily revived otherwise untimely claims for childhood sexual assault and retroactively exempted them from the Government Claims Act's claims presentation requirement. (Code Civ. Proc., § 340.1, subd. (q); Gov. Code, § 905, subds. (m) & (p).)

The District successfully moved for judgment on the pleadings on the basis that retroactively applying AB 218 violates the California Constitution's gift clause. (Cal. Const., art. XVI, § 6.) In opinions issued after the trial court entered judgment, appellate courts have unanimously held AB 218 does not violate the gift clause. (*R.L. v. Merced City School Dist.* (2025) 114 Cal.App.5th 89, 98 (*R.L.*); *O.B. v. Los Angeles Unified School Dist.* (2025) 113 Cal.App.5th 930, 933 (*O.B.*); *West Contra Costa Unified School Dist. v. Superior Court* (2024) 103 Cal.App.5th 1243, 1252 (*West Contra Costa*).) We join our colleagues and therefore reverse the judgment.

## BACKGROUND

Plaintiff alleges a teacher at Luther Burbank Junior High School sexually abused him repeatedly in 1977 and 1978. His complaint alleges the District negligently hired, supervised, and retained the teacher who abused him, negligently supervised

plaintiff, and failed to report suspected child abuse. Plaintiff does not allege he complied with the Government Claims Act by presenting a timely claim to the District. He instead relies on the retroactive waiver of this requirement under AB 218.

The District moved for judgment on the pleadings. It argued AB 218 is an unconstitutional gift of public funds because it retroactively imposed liability on public entities for claims that were not enforceable when they accrued. The trial court agreed. The court granted the motion and entered judgment of dismissal for the District. Plaintiff timely appealed.

## DISCUSSION

### I. Legal Framework

This appeal presents questions of law and constitutionality, which we review de novo. (*O.B., supra*, 113 Cal.App.5th at p. 935; see also *People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777 [review of judgment on the pleadings].)

#### A. The Government Claims Act

Under the doctrine of sovereign immunity, public entities are only liable as provided by statute. (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 803.) In 1963, the Legislature enacted the Government Claims Act and made public entities liable for their employees' torts committed in the scope of employment. (Gov. Code, § 815.2, subd. (a); *O.B., supra,* 113 Cal.App.5th at p. 937.) Though sexual assault is " 'not within the scope of employment,' " a public employer may be liable for negligently hiring and supervising an employee who committed sexual assault. (*O.B.,* at p. 937.) Generally, plaintiffs suing a public entity must present a timely claim to that entity (Gov.

3

Code, § 905) and must rely on a statute abrogating sovereign immunity for their causes of action (Gov. Code, § 905.8 ["Nothing in this part imposes liability upon a public entity unless such liability otherwise exists"]; *R.L., supra,* 114 Cal.App.5th at pp. 105–106).

### B. The Gift Clause

Article XVI, section 6 of the California Constitution provides, "The Legislature shall have no power . . . to make any gift or authorize the making of any gift, of any public money or thing of value to any individual." In applying this provision, "the primary question is whether the funds are to be used for a public or a private purpose." (*County of Los Angeles v. La Fuente* (1942) 20 Cal.2d 870, 877.) "If the money is for a public purpose, the appropriation is not a gift even though private persons are benefited by the expenditure." (*Ibid.*)

The gift clause prohibits appropriations "for the relief of one who has no legal claim," regardless of any "moral or equitable obligation" the government has to that person. (*Conlin v. Board of Supervisors* (1893) 99 Cal. 17, 22 (*Conlin*); accord *Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 450 [payment for "a wholly invalid claim . . . serves no public purpose and violates the gift clause"].) In analyzing whether a statute effectively provides payment for an unenforceable or wholly invalid claim under the gift clause, the California Supreme Court has distinguished prospective liability from retroactive liability. A statute that permits retroactive liability violates the gift clause, while a statute that permits prospective liability does not.

This principle was established in *Chapman v. State* (1894) 104 Cal. 690, 693–694 (*Chapman*). There, the court held a statute permitting suits against the state for earlier injuries did

4

not violate the gift clause as applied to the state's preexisting liability for breach of contract.  Because "[t]he state was always liable upon its contracts," permitting suits against the state "merely gave an additional remedy for the enforcement of such liability. . . even as applied to prior contracts."  (*Id.* at p. 696.)  But as to negligence claims against the state (which were not permitted until decades later), the court stated, "[T]he legislature has no power to create a liability against the state for any such past act of negligence upon the part of its officers."  (*Id.* at p. 693.)

The California Supreme Court applied this principle and found retroactive liability violated the gift clause in *Powell v. Phelan* (1903) 138 Cal. 271 (*Powell*).  The Legislature enacted a law to pay people retroactively for jury service occurring years earlier.  (*Id.* at p. 271–272.)  *Powell* held that retroactively paying jurors was an unconstitutional gift because there was "no legal liability in any manner upon the part of the" government to pay jurors whose service was "gratuitous when rendered."  (*Id.* at p. 274.)

The California Supreme Court has restated this principle in cases holding the gift clause did not prohibit payments for liability incurred after a statute took effect.  *Patrick v. Riley* (1930) 209 Cal. 350, 352 (*Patrick*) held the gift clause did not bar a statute compensating people who slaughtered their contagious livestock.  The court noted a challenge based on the gift clause might have merit if "the Legislature had undertaken to vote compensation retrospectively to the owners of diseased cattle destroyed prior to the enactment of the statute."  (*Id.* at p. 359.)  Similarly, *Heron v. Riley* (1930) 209 Cal. 507 (*Heron*) held the gift clause did not prohibit paying judgments (or paying for liability insurance) arising from a statute making public entities liable for

their employees' negligent driving.  (*Id.* at p. 517.)  The court stated that, as opposed to incidents occurring after the statute's enactment, making the state liable "for any past acts of negligence" would violate the gift clause.  (*Ibid.*)

## II. AB 218 Does Not Violate the Gift Clause

### A. The Statute Is Subject to the Gift Clause

Plaintiff first argues that the gift clause does not apply because the statute does not specifically appropriate public funds or allocate money to an identified person.  Instead, it allows a category of people (victims of childhood sexual assault) to sue the government, which may result in spending public funds to pay individuals via judgments or settlements.  We reject this argument.

It is true the gift clause prohibits legislative actions authorizing specific payments to an identified recipient.  (See, e.g., *Conlin, supra,* 99 Cal. at p. 19 [$54,015.37 payment to Mr. Conlin]; *Bourn v. Hart* (1892) 93 Cal. 321, 326 [$10,000 payment to Mr. Bourn].)  The gift clause, however, has also been applied to statutes creating a category of liability without expressly appropriating funds, stating any amount, or specifically naming any recipients.  (See, e.g., *Heron, supra,* 209 Cal. at pp. 514–517 [gift clause did not prohibit statute making government prospectively liable for damages caused by employees' negligent driving]; *Patrick, supra,* 209 Cal. at p. 352 [gift clause did not prohibit statute prospectively compensating people who slaughter their contagious livestock]; *Powell, supra,* 138 Cal. at pp. 271–276 [statute paying jurors $2 per day of service performed years earlier was unconstitutional gift]; *Chapman, supra,* 104 Cal. at pp. 693–694 [statute authorizing suits against government was

not a gift as to preexisting contract claim].)  AB 218 falls within the latter category of legislative actions.

## B. AB 218 Does Not Retroactively Impose Liability for Unenforceable Claims

The District argues retroactively applying AB 218 violates the gift clause because it creates liability for previously invalid claims.  We are unpersuaded.

AB 218 did not create retroactive liability in this case; it merely cleared a procedural hurdle for plaintiff's lawsuit.  When plaintiff was allegedly abused, he could have asserted his current negligence causes of action.  The Government Claims Act required plaintiff to present a claim to the District within 100 days of accrual of his causes of action.  (*R.L., supra,* 114 Cal.App.5th at p. 105, citing former Gov. Code, § 911.2, added by Stats. 1963, ch. 1715, § 1, pp. 3372–3376.)  AB 218 retroactively removed the claims presentation requirement for actions alleging childhood sexual assault.  (Code Civ. Proc., § 340.1, subd. (q); Gov. Code, § 905, subds. (m) & (p); *O.B., supra,* 113 Cal.App.5th at p. 936.)

The District acknowledges the gift clause does not prohibit reviving claims barred by the statute of limitations.  (See *Bickerdike v. State* (1904) 144 Cal. 681, 692 [gift clause did not apply because a "statute of limitations does not . . . go to the substance of the right, but only to the remedy"].)  But the District contends that the Government Claims Act is not analogous to a statute of limitations.  The District relies on authority stating that, unlike the procedural defense of the statute of limitations, "the claim presentation requirement is a 'state substantive limitation[ ] couched in procedural language.' " (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1240

7

(*Bodde*); accord *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208 (*Shirk*) ["Timely claim presentation is not merely a procedural requirement, but is . . . ' " 'a condition precedent to plaintiff's maintaining an action against defendant' " ' . . . and thus an element of the plaintiff's cause of action"].)

This argument depends on an overly broad reading of the California Supreme Court's opinions describing the claims presentation requirement as substantive. Portions of an opinion must be "viewed in the context of the entire opinion." (*International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd.* (2011) 51 Cal.4th 259, 276; accord *Caliber Paving Company, Inc. v. Rexford Industrial Realty and Management, Inc.* (2020) 54 Cal.App.5th 175, 181.) The United States Supreme Court has cautioned that no bright line divides substantive from procedural rules. (*Sun Oil Co. v. Wortman* (1988) 486 U.S. 717, 726–727.) Drawing the line "in a particular context is largely determined by the purposes for which the dichotomy is drawn." (*Id.* at p. 726.) The California Supreme Court has similarly noted the difficulty in distinguishing substance from procedure. (*Williams v. Horvath* (1976) 16 Cal.3d 834, 841, fn. 3 (*Williams*).)[1]

---

[1] Even statutes of limitations, which the District concedes are procedural in the context of the gift clause, are frequently described as substantive. (See, e.g., *Granny Purps, Inc. v. County of Santa Cruz* (2020) 53 Cal.App.5th 1, 11 ["application of a statute of limitations is a substantive defense, not a procedural matter"]; *Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 863 ["The statute of limitations is regarded as a substantive defense"]; *Hambrecht & Quist Venture Partners v. American Medical Internat., Inc.* (1995) 38 Cal.App.4th 1532, 1542

In the pertinent context, the claims presentation requirement is procedural, not substantive. The principle that this requirement is substantive originated in *Williams*. (16 Cal.3d at pp. 841–842; see *Bodde, supra,* 32 Cal.4th at p. 1240.) There, our Supreme Court held that under the United States Constitution's supremacy clause, the claims presentation requirement does not apply to a cause of action for violation of 42 United States Code section 1983. (*Williams,* at pp. 837–842.) The Court described compliance with the requirement as an " 'element[ ] of the plaintiff's cause of action.' " (*Id.* at p. 839.) It reasoned that compliance " 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendants, in short, an integral part of plaintiff's cause of action.' " (*Id.* at p. 842.) In doing so, it considered "[t]he purposes underlying section 1983," which "must still be served, and may not be frustrated by state substantive limitations couched in procedural language." (*Id.* at p. 841.)

Following *Williams*, the California Supreme Court has described the claims presentation requirement as "substantive" in contexts that are different than the present case. For example, in *Bodde*, the court answered a narrow procedural question: "whether failure to allege facts demonstrating or excusing compliance with [the] claim presentation requirement subjects a complaint to a general demurrer." (*Bodde, supra,* 32 Cal.4th at p. 1237.) *Bodde* held a defendant may demur on that basis. (*Ibid.*) This holding does not support the District's position because which party bears the burden of pleading and proof has no bearing on the present issue.

["statutes of limitations may be viewed as procedural rather than substantive in some contexts"].)

Likewise, *Shirk* involved a distinguishable fact pattern. There, the court held former Code of Civil Procedure section 340.1, subdivision (c) did not apply to the Government Claims Act.[2]  The former statute "revived" for the year 2003 sexual abuse causes of action that were barred "solely" because the applicable statute of limitations had expired.  (*Shirk*, *supra*, 42 Cal.4th at p. 208.)  The court reached its decision by applying the statute's "plain language," i.e., the word "solely."  (*Id.* at p. 211.)  This holding is not applicable in the present context because regardless of whether the claims presentation requirement is procedural or substantive, it is not identical to the statute of limitations.

We agree with *O.B.* in concluding that *Bodde* and *Shirk* do not apply here.  (*O.B., supra,* 113 Cal.App.5th at p. 940.)  Though satisfying the Government Claims Act may be described as a substantive element of the claim in other contexts, "it is not an element of a public entity's substantive liability."  (*O.B.*, at p. 941.)

AB 218 is categorically different from laws creating new bases of liability that never existed before the operative statute, like payments for jury service in *Powell*, payments for slaughtering contagious cattle in *Patrick*, or the government's liability for its employees' negligent driving in *Heron*.  For 100 days after each alleged incident, the District could have been held liable if plaintiff had submitted a government claim. Retroactively applying AB 218 therefore "does not 'create any liability or cause of action against the state where none existed

---

[2]  In response, the Legislature amended the statute, thereby overruling *Shirk*.  (*Rubenstein v. Doe No. 1* (2017) 3 Cal.5th 903, 914.)

before.' " (*West Contra Costa, supra,* 103 Cal.App.5th at pp. 1259–1260.)

The differences between the claims presentation requirement and the statute of limitations are not "material *for purposes of the gift clause.*" (*West Contra Costa, supra,* 103 Cal.App.5th at p. 1262.) If plaintiff had sent the District a letter asserting his claim in 1977, the gift clause would not limit the Legislature's power to revive his untimely action. In this context, not sending the District a letter within 100 days is a procedural hurdle that can be retroactively waived, not a substantive defect such that the gift clause prohibits retroactive waiver.

### C. AB 218 Serves a Public Purpose

Because we conclude AB 218 does not constitute a gift within the meaning of Article XVI, section 6 of the California Constitution, we "need not consider whether it serves a public purpose." (*O.B., supra,* 113 Cal.App.5th at p. 935.) In our discretion, we nonetheless address the issue.

Assuming the gift clause would otherwise prohibit retroactively waiving the claims presentation requirement, we would find the statute constitutional because it serves a public purpose. "The determination of what constitutes a public purpose is primarily a matter for the Legislature, and its discretion will not be disturbed by the courts so long as that determination has a reasonable basis." (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 746.)

The Legislature had a reasonable basis for deciding that AB 218 serves a public purpose. The statute's purpose is " ' "to expand the ability of victims of childhood sexual abuse to hold to account individuals and entities responsible for their injuries." ' " (*West Contra Costa, supra,* 103 Cal.App.5th at p. 1265, quoting

11

*Los Angeles Unified School Dist. v. Superior Court* (2023) 14 Cal.5th 758, 777.)  "[T]he Legislature sought to provide relief to a disadvantaged group," which courts have often found is a valid public purpose.  (*West Contra Costa,* at p. 1267–1268; accord *R.L., supra,* 114 Cal.App.5th at p. 118.)  Despite the "legitimate policy concerns" regarding AB 218, we " ' "do not sit as super-legislatures to determine the wisdom, desirability or propriety of statutes enacted by the Legislature." ' " (*R.L.,* at p. 118.)  The Legislature did not act unreasonably in choosing to retroactively waive the claims presentation requirement for actions alleging childhood sexual abuse.

### III. Requests for Judicial Notice

Plaintiff requested judicial notice of documents in AB 218's legislative history.  The District requested judicial notice of three statutes.  These materials may be cited as legal authority, and judicial notice is unnecessary.  (*Sharon S. v. Superior Court* (2003) 31 Cal.4th 417, 440, fn. 18; *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 46, fn. 9.)  We therefore deny both requests for judicial notice.

## DISPOSITION

The judgment is reversed.  The matter is remanded to the trial court with directions to deny the District's motion for judgment on the pleadings.  Plaintiff shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        TAMZARIAN, J.

We concur:



ZUKIN, P. J.



MORI, J.

13